# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| LUREATHA JACKSON, as next of friend for D.M., for herself and others similarly situated, | ) ) ) ) ) | No. 19 CV 5809 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) ) | October 1, 2021 |
| Defendant. | ) | |

## FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

Before the court is Plaintiff's Motion for Final Approval of Class Action Settlement submitted by Class Representative Lureatha Jackson on behalf of herself and others similarly situated. On June 3, 2021, the court entered an Order of Preliminary Approval appointing class counsel, approving notice to the Class, establishing deadlines for objections, certifying the Class, preliminarily approving the Settlement Agreement, and setting a date for the Final Approval Hearing. The Final Approval Hearing was held in this case today. The court, having considered the motion, the submissions of the parties relating to the proposed Settlement, any objections, the arguments of counsel at the Final Approval Hearing as well as the pleadings and papers on file herein, grants the Motion for Final Approval of Class Action Settlement. As such, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. The court finds that it has jurisdiction over the subject matter of this action and over all parties to the Action.

2. The Settlement Agreement that was submitted with the Joint Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement and Class Certification, (R. 97), the Exhibits to the Agreement, and the definition of words and terms contained in the agreement are incorporated into this Order.

3. On June 3, 2021, this court entered an Order Granting Preliminary Approval of Class Action Settlement Agreement and Directing Notice to Settlement Class. (R. 101.) The Settlement Agreement was preliminarily approved, pending the Final Approval Hearing. The court also: (a) conditionally certified the Settlement Class for settlement purposes; (b) approved the form of and method of distribution of the Settlement Notice, claim, and address forms to the Settlement Class; (c) appointed Legal Council for Health Justice and Disability Rights Advocates as the Class Counsel for the Settlement Class; (d) appointed Lureatha Jackson as the Class Representative for the Settlement Class; and (e) appointed Rust Consulting as the Settlement Administrator. The terms and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

**Final Certification of the Settlement Class**

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the court finally certifies, for settlement purposes only, the Settlement Class as defined in the Settlement Agreement:

(a) "Subclass 1 Members" shall mean and refer to all CPS students with disabilities who were placed by the Board pursuant to the students' Individualized

Education Programs ("IEPs") at Illinois State Board of Education ("ISBE") approved non-public schools for the 2017-18, 2018-19, and 2019-20 school years who did not receive Free Nutritional Benefits. The parties understand that Subclass 1 Members includes those students placed at Acacia, Arlyn, Bridgeview, Centerview, Challenger, Chicago Autism Academy, Classroom Connections Day School, Cove, Elim Christian, Esperanza, Giant Steps, Helping Hand, Hopewell Academy of Orland Park, Hyde Park Day School-Chicago, Hyde Park Day School-North, Keshet, Learning House, Laureate, Metro Prep, New Hope Academy, New Hope Academy East, New Horizon, Orchard Academy, Rush, PACTT Learning Center, School of Expressive Arts and Learning (SEAL), and Soaring Eagle Academy for the 201-18, 2018-19, and 2019-20 school years who did not receive Free Nutritional Benefits. Subclass 1 Members shall be entitled to all relief under the Settlement Agreement; and

(b) "Subclass 2 Members" shall mean and refer to any student placed in an ISBE approved non-public school by the Board pursuant to the student's IEP from March 17, 2020, to the termination of this Agreement set forth in Paragraph No. 32 of the Settlement Agreement who does not receive Free Nutritional Benefits. Subclass 2 Members shall be entitled to all non-monetary relief under this Agreement outlined in Section III (8)(A-G) and Section IV(9)(A-B) of the Settlement Agreement.

**Final Approval of the Settlement Agreement**

5. The court grants final approval of the proposed Settlement Agreement submitted with the Joint Motion for Preliminary Approval. The court finds that the

Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable as the Settlement Class consists of 393 members; (b) there are questions of fact and law common to the Settlement Class; the claims of the Class Representative are typical of the claims of the members of the Settlement Class; (c) the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (d) common questions of law or fact predominate over questions affecting individual members; and (e) a class action is a superior method for fairly and efficiently adjudicating the Action.

6. The court further finds that neither the certification of the Settlement Class, nor the settlement of the Action, shall be deemed to be a concession by the Board of the propriety of the certification of a litigation class, in the Action or any other action, and the Board shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes. Furthermore, the final certification of the Settlement Class, appointment of the class representatives and Class Counsel, and all other actions associated with final approval are undertaken on the condition that the certification and other actions shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by any appellate court, and/or any other court of review, and that the Settlement Agreement shall not be offered, received, or construed as evidence for any purpose, including but not limited to as an admission by the Board of liability or of any misrepresentation or omission in any statement or written

4

document approved or made by the Board or of the certifiability of a litigation class, as further provided in the Settlement Agreement.

7. The court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced class action attorneys and meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

**Notice of Class Action Settlement to the Settlement Class**

8. Pursuant to the Preliminary Approval Order and the Agreement, notice was mailed to members of the Settlement Class. The court finds that the form, content, and method for notifying the Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure Rule 23 and all its due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The court further finds that the Settlement Administrator has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Notice and accompanying forms to the Settlement Class.

**Exclusion**

9. Settlement Class Members were notified in the Settlement Notice of this class action settlement and of their opportunity to request to be excluded from, or to opt

out of, the Settlement Class. No one submitted timely written exclusion/opt-out statements to the Settlement Administrator.

**Objection**

10. Settlement Class Members were also notified in the Settlement Notice of their opportunity to object to the settlement by filing written objections with the court. No Class Member submitted any written objections to the Settlement Administrator or to the court.

**Order and Judgment**

11. The parties are ordered to implement the Settlement Agreement in accordance with the terms and provisions of the Agreement.

12. The court finally approves the appointment of Rust Consulting as Settlement Administrator as well as the fee to be paid to Rust Consulting in accordance with the Settlement Agreement.

13. The Board shall tender Settlement Fund payment to Rust Consulting in accordance with the terms of the Settlement Agreement by November 30, 2021. Rust Consulting shall issue payments to the members of the Settlement Class, including Lureatha Jackson, in accordance with the Settlement Agreement by December 15, 2021.

14. By the terms of the Agreement and this final approval order, the Settlement Class Members who have not timely and properly opted out of the settlement have released their claims as described in Paragraph 31 of the Settlement Agreement.

15. The court dismisses without prejudice all released claims on behalf of the Settlement Class.

16. The Agreement and this final approval order are binding on Plaintiff and Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and the Board.

17. Without affecting the finality of the final approval in any way, the court retains jurisdiction of matters relating to the administration, interpretation, and enforcement of the Settlement Agreement and this order.

18. Class Counsel have until November 30, 2021, to file a fee petition. The Board may then file its response to the fee petition by January 17, 2022.

19. The Board shall contribute into a separate, interest-bearing escrow account maintained by Rust Consulting the amount of $465,000 by November 30, 2021, pursuant to 8(I) and 18(G) of the Settlement Agreement. This $465,000 is the full amount of the Settlement Fund and amends the prior amount of $585,679.72 in Paragraph 8(I) of the Settlement Agreement.

                                                 **ENTER:**

                                                 _____
                                                 **Young B. Kim**
                                                 **United States Magistrate Judge**